### ROBERTS v. PIONEER IRON WORKS.

(Supreme Court, Appellate Division, Second Department. March 11, 1908.)

CORPORATIONS—ACTIONS—COMPLAINT—NATURE OF CORPORATION.

> Code Civ. Proc. § 1775, requires a plaintiff corporation to allege in the complaint that it is a corporation, whether it is domestic or foreign, and, if the latter, the state or country under whose laws it was created. *Held* that, where a complaint filed by an individual assignee of a corporation alleged that plaintiff's assignor was a Pennsylvania corporation, it was not subject to a motion to make it more definite and certain, to show whether it was a domestic or foreign corporation, and, if the latter, the state, country, or government under whose laws it was created, and whether it was a stock, nonstock, or mixed corporation, and, if the first, whether it was a moneyed, transportation, or business corporation.

Appeal from Special Term, Kings County.

Action by Jacob H. Roberts against the Pioneer Iron Works. From an order denying defendant's motion to have the complaint made more definite and certain, it appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Gustav Lange, Jr. (Ralph Barnett, on the brief), for appellant. F. H. Boland, for respondent.

GAYNOR, J. The complaint alleges that "the Lewis Foundry & Machine Company, a Pennsylvania corporation," manufactured and sold to the defendant certain steel rolls, and that it assigned its cause of action therefor to the plaintiff. The defendant's motion that the complaint be made more definite and certain, so as to show whether the plaintiff's assignor is a corporation, and, if so, whether domestic or foreign, and, if the latter, "the state, country or government" under whose laws it was created, also whether it is a "stock, nonstock, or mixed" corporation, and if the first whether it be a "moneyed, transportation or business" corporation, was denied below. The motion was purely captious and vexatious. Section 1775 of the Code of Civil Procedure requires a plaintiff corporation to allege in the complaint that it is a corporation, whether it is domestic or foreign, and if the latter, the state or country under whose laws it was created. The plaintiff here is not a corporation. But if we should be willing to assume that it has to allege the status of its corporate assignor in the manner required by the said section, it has done so. The allegation that it is "a Pennsylvania corporation," shows all that the said section requir-

ed, i. e., that it is a corporation, that it is foreign, and the state of its origin. It may well seem strange that our over-burdened courts are called upon by a learned bar to deal with frivolous questions like this.

The order is affirmed.

Order affirmed, with $10 costs and disbursements. All concur.